UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HECTOR VELEZ GONZALEZ, and
HIPOLITO GONZALEZ ANDINO**              Civil No. 03-1755(DRD)
Plaintiffs

v.

**SUIZA DAIRY CORP.**
Defendant

## ORDER

     Plaintiffs Hector Velez Gonzalez, and Hipolito Gonzalez Andino filed the instant action against Suiza Dairy Corp, their former employer, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.(race discrimination), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. For the alleged age, and race discrimination. Plaintiffs also filed pendent state jurisdiction claims pursuant to Puerto Rico Law 100 of June 30 1959, 29 P.R. Laws Ann. § 146 *et seq*., and Law 80 of May 30, 1976, 29 P.R. Laws Ann. § 185 *et seq*. (Docket No. 1, ¶¶ 1-2, 15-16, 20, 25, and 29). On August 15, 2005, the Court referred this case to Magistrate Judge Camille L. Velez Rive for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b), and Local Rule 72.1(b). (Docket No. 98). The Magistrate, then, filed an extensive Report and Recommendation ("RR") on September 14, 2005. (Docket No. 99). In a thorough report, the Magistrate recommended that plaintiffs' respective *Motions in Limine* seeking to exclude form the record and the consideration of the Court documents attached by defendant in its motion for summary judgment (Docket Nos. 60, and 61) be denied. Ultimately, resting on said decision, Magistrate Velez Rive recommended that defendants' motion for summary judgment as to Velez Gonzalez, notwithstanding, be granted and as to Gonzalez Andino be denied. Plaintiffs timely filed her opposition to the RR on September 21, 2005. (Docket No. 101). Defendant, however, remained silent.

     The Magistrate correctly and clearly pointed out that any objections to the RR must be filed with the Clerk of Court within five (5) days after being served with a copy thereof. *See* Fed.R.Civ.P. 72(b) and Local Rule 72.1(b). Pursuant to Fed.R.Civ.P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified".); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d

4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

After conducting a *de novo* review of the record, the Court has found that the RR thoroughly and correctly addressed the issues presented by defendant in its motion. *See* Gioiosa v. United States, 684 F.2d 176 (1st Cir. 1982) (district court was required to make a *de novo* determination of those portions of magistrate's report objected to, which recommended that a habeas corpus petition be denied); *compare* Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 990-91 (1st Cir. 1988) ("At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.").

In addition, the objections raised by plaintiff in their objection to the RR fail to state any new facts or case law in support of her averments. Thus, following the words of wisdom of the First Circuit Court of Appeals, "when a lower court [a Magistrate Judge] produces a comprehensive, well-reasoned decision, an appellate court [a District Court] should refrain from writing at length to no other end than to hear its own words resonate," the Court **ADOPTS *in toto*** the Magistrate's excellent RR. See Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996). *See* In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993) ("Where, as here, a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate.").

Plaintiffs object the Magistrate's RR on the following grounds: (1) the Magistrate erred in considering defendant's justification for not providing evidence during the discovery process as valid; (2) when she considered defendant's documents as *background evidence* and/or *records of regularly conducted activity*; (3) when she concluded plaintiff's lack of trustworthiness, reliability, and relevancy objections do not justify the exclusion of the evidence; (4) when she concluded that Velez Gonzalez did not meet the *prima facie* case requirement and failed to raise issues of material fact as to defendant's reason being pretextual; and (5) when she recommends not to exercise the Court's pendent jurisdiction power over Hector Velez Gonzalez's pendent jurisdiction claims because of the dismissal of his age claims under federal law. All of these factors were duly considered by the Magistrate Judge and the Court agrees with the resolution. However, plaintiff failed to present or even make arguments outside of those made in her opposition to the motion for summary judgment and/or motions *in limine*. Plaintiffs merely rehashed the arguments they had already raised thereto. Plaintiffs failed to provide the Court with any new evidence as to how the lack of production on defendant's part impeded them to properly confront the evidence – more so when the vehicle of a Fed.R.Civ.P. 56(f) was available to them if they considered defendant's actions unjust. Moreover, they did not proffer any further evidence or argumentation to move the Court to conclude that the evidence admitted by the Magistrate was not a "record of a regularly conducted activity" or that they were not submitted to prove the truth of the alleged reason to discharge the plaintiffs. Furthermore, in their rehash of previously averred assessments, plaintiffs

did not place the Court in proper position to determine that the exhibits admitted by the Magistrate where, in fact lacking in trustworthiness, reliability, and/or relevancy in order for them to be excluded from the record.  Finally, plaintiffs did not supply the Court with any new evidence or any new reasonings or case law – except the exclusion of the already admitted exhibits – to support their position that *brevis* disposition was unwarranted as to plaintiff Velez Gonzalez.

To the contrary, Magistrate Velez Rive correctly found that defendant's submitted exhibits in support of their statement of uncontested facts were produced as part of the regular conduction of business activities, were trustworthy, reliable, and/or relevant, and were not available – not due to defendant's own making – until as recently as the dispositive motion phase of the proceedings.  The Magistrate was equally correct when, and after utilizing said admitted exhibits, she concluded that plaintiff Velez Gonzalez failed to sustain a *prima facie* case of age discrimination for the reasons set forth in her RR at pages 20 through 23.

The Court need not go further for it refuses to write "at length to no other end than to hear its own words resonate" as to the instances alleged as errors by plaintiff.  The allegations were all correctly analyzed with references to the record by the Magistrate Judge.  *See* Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d at 220.  "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate."  In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d at 38.  Therefore, the Court **ADOPTS** *in toto* the Magistrate's RR.  Henceforth, plaintiffs' motions *in limine* are **DENIED**, and defendant' motion for summary judgment is **GRANTED**[1] as to plaintiff Velez Gonzalez and **DENIED** as to plaintiff Gonzalez Andino.[2]

**IT IS SO ORDERED.**

**DATE: September 26, 2005**                                                             S/ Daniel R. Dominguez
                                                                                                              **DANIEL R. DOMINGUEZ**
                                                                                                              **U.S. DISTRICT JUDGE**

---

[1] The Court will refrain from issuing a partial judgment at this time.  The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals.  See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief.  Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).

[2] Because the time granted to oppose the RR was shortened by the Magistrate Judge at the Court's request due to the motions being overaged, the affected parties are encouraged to file motions for reconsideration within the standard set by this Court in the case of Villanueva Mendez v. Vazquez, 360 F.Supp.2d 320, 322-24 (D.P.R. 2005).  The Court stresses, however, that motions for reconsideration **are not to be used as vehicles to rehash arguments already made**.  Defendants may then reply.  **No subsequent replies or sur-replies shall be accepted.**